12 F.3d 1100
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Christina Fumbanks HOGAN, Plaintiff/Appellant,
v.
J.B. HUNT TRANSPORTATION, INC. and Dannie E. Spoone,
Defendants/Appellees.
 No. 91-2317.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 16, 1993.*
Decided Dec. 9, 1993.
Rehearing Denied May 6, 1994.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 After a jury awarded $45,000 in damages to Christina Hogan for injuries sustained in an automobile accident with a semi-tractor trailer truck, Hogan filed a post-judgment motion for judgment notwithstanding the verdict (j.n.o.v.)[1] or in the alternative for a new trial, pursuant to Rules 50 and 59 of the Federal Rules of Civil Procedure. Hogan argued that the evidence supported an award of $1.4 million. We find no error in the district court's denial of the post-judgment motion.[2]
 
 
 2
 Hogan argues that the court erred by restricting her treating physician's testimony to his own observations. Although the parties incorrectly rely on statements of state law in their briefs, we apply the Federal Rules of Evidence and the Federal Rules of Civil Procedure in diversity suits. See Patel v. Gayes, 984 F.2d 214, 217 (7th Cir.1993). "[W]e review a district court's decision to exclude expert testimony under an abuse of discretion standard, and the trial court's determination will be affirmed unless it is 'manifestly erroneous' " Id. at 217 (citations omitted). Hogan presented Dr. Singleton as a treating physician, not as an expert witness. Appellant's Brief at 13, 14. A treating physician who gives expert testimony beyond the scope of his own observations during the course of treatment is an expert witness whose testimony is subject to the rules of discovery. Id. The record reveals that Dr. Singleton reviewed the medical records in anticipation of trial and not for providing treatment. The medical records had not been admitted into evidence, had not previously been made available to the defendants, and had not been used by Dr. Singleton in diagnosing Hogan. The court's decision to limit Dr. Singleton's testimony to opinions he acquired during the course of treatment was not "manifestly erroneous."
 
 
 3
 Hogan also argues that the court erred by giving an instruction that she had a duty to mitigate her damages by submitting to reasonable medical care. The appellees counter that we cannot review this claim because Hogan failed to provide us with the relevant portions of the transcript as required by Rule 10(b)(1) of the Federal Rules of Appellate Procedure. Hogan subsequently ordered the portion of the transcript containing Dr. Moultrie's testimony. Dr. Moultrie testified that Hogan refused to undergo a suggested skeletal traction treatment to prevent the fractures from healing in an abnormal position and that the absence of such treatment could result in severe pain and stiffness. R. 205 at 18-20. This testimony was sufficient to create a triable issue of fact regarding whether Hogan failed to mitigate her damages by following reasonable medical treatment.
 
 
 4
 We acknowledge that the appellees did not have an opportunity to address the content of Dr. Moultrie's testimony due to Hogan's failure to order the relevant portion of the trial transcript in a timely manner. However, because we find in favor of the appellees, we DENY their motion to strike that testimony as moot.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 These proceedings occurred before the 1991 amendment of Rule 50; therefore we will follow the prior version of Rule 50. Pro Football Weekly, Inc. v. Gannett Co., Inc., 988 F.2d 723, 725 (7th Cir.1993)
 
 
 [2]
 We are unable to review the denial of j.n.o.v. without the entire transcript because a motion for j.n.o.v. requires us to review all the evidence submitted to the jury to determine whether there was "no legally sufficient evidentiary basis for a reasonable jury" to make its determination. Fed.R.Civ.P. 50(a) (1991). The appellant is responsible for ordering the transcript. Fed.R.App.P. 10(b)(1)